Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Docusign Envelope ID: A8ADFE3E-1990-8BCD-8365-82546432E327

## STATE OF RHODE ISLAND

**PROVIDENCE, SC**                                                    **SUPERIOR COURT**

L.M. Doe, a minor,
Michelle Mercure as an individual and
in her capacity as Guardian and Next Friend of
L.M. Doe, a minor
      Plaintiffs                                    C.A. No.:_____
v.

The Wolf School, Inc.
      Defendant

### VERIFIED COMPLAINT

1.    This is an action arising from Defendant's unlawful failure to provide reasonable accommodations to a qualified student with a disability, resulting in the exclusion, marginalization, and educational harm of a minor child in violation of Rhode Island law and federal anti-discrimination statutes and related retaliatory conduct.

2.    Plaintiffs are residents of the City of Johnston, State of Rhode Island.   Plaintiff LM Doe is a minor child/student, and Plaintiff Mercure is his mother/guardian.

3.    Upon information and belief, Defendant Wolf School, Inc., is a domestic corporation authorized to do business pursuant to the laws of the State of Rhode Island with an office and principal place of business located in East Providence, RI. at 215 Ferris Avenue.  Defendant is a private school operating in the State of Rhode Island and is subject to Rhode Island and is subject to Rhode Island civil rights laws prohibiting disability discrimination in places of public accommodation and educational institutions.

4.    Defendant Wolf School, Inc. is an elementary/secondary school whose purpose is to educate and provide services to children with learning difficulties and other issues.  At all relevant times, the individuals whose conduct is described in this Complaint, including the Head of School, were employees, agents, or representatives of Defendant School acting within the course and scope of their employment and under the control of its

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Docusign Envelope ID: A8ADEE3E-1990-8BCD-8365-82546432E327

Case 1:26-cv-00463-MSM-AEM    Document 1-1    Filed 07/15/26    Page 2 of 23 PageID #: 5

2

authority.  Accordingly, Defendant School is responsible for and liable for the acts, omissions, decisions, and statements of its employees as alleged herein.

5.     The Court has subject matter jurisdiction pursuant to RI Gen. Laws §8-2-14.

6.     Venue is proper in this Court because Defendant operates in Rhode Island and the acts and omissions complained of occurred within this state.

7.     Plaintiff LM Doe is a child with a disability as defined under RI Gen. Laws §42-87-1, §42-112-1.

8.     At relevant times, Plaintiff LM Doe was otherwise qualified to attend the Defendant's school with or without reasonable accommodation.

9.     Defendant was fully apprised of Plaintiff LM Doe's disabilities, including PTSD, anxiety, and other conditions.

10.     Plaintiffs requested reasonable accommodation as cited below.

11.     These accommodations were reasonable, necessary, and would not have imposed an undue hardship on the Defendant.

12.     Despite notice and repeated requests, Defendant refused to provide reasonable accommodation.

13.     Defendant failed in its duty to interact regarding Plaintiffs' requests for reasonable accommodation in an effort to identify an effective accommodation for the minor child.

14.     As a result of the Defendant's denial, Plaintiff LM Doe was denied meaningful access to education, suffered academic regression, economic damages, and emotional distress.

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Docusign Envelope ID: A8ADEF3E-1990-8BCD-836E-82546432E327

Case 1:26-cv-00463-MSM-AEM    Document 1-1    Filed 07/15/26    Page 3 of 23 PageID #: 6

3

15. Defendant's actions were intentional, willful, reckless, and/or undertaken with a deliberate indifference to the rights of a child with a disability. Defendant's actions were taken in retaliation against Plaintiff Mercure and Plaintiff Doe for requesting reasonable accommodation.

16. Defendant also used the student's disability as a pretext to remove him from the school, when the actual true motivation was animus towards the student's mother, Plaintiff Mercure, arising from a personal matter involving her and the Head of School. The student's expulsion constitutes unlawful discrimination and retaliation, and was undertaken in bad faith and contrary to the school's contractual obligations.

17. At all relevant times, Plaintiffs and Defendants were parties to a valid and enforceable contract.

18. A contractual relationship existed between the Plaintiffs and the Defendant pursuant to the enrollment agreement and the School's policies and procedures. At all relevant times, Plaintiffs complied with the Defendant's enrollment requirements and tuition obligations.

19. During the child's enrollment, Plaintiff Mercure raised good faith concerns regarding the child's educational needs, safety, discipline practices, accommodation, and compliance with school policies.

20. Plaintiff Mercure's communications constituted protected activity, including advocacy on behalf of the child and requests for fair treatment consistent with Defendant School's stated policies and Rhode Island Law.

21. Shortly after Plaintiff engaged in this protected activity, and promptly after a negative and problematic interaction between Plaintiff and the CEO/Head of School of Defendant, as described below, Defendant's attitude towards the child and the family changed materially in a negative manner.

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Docusign Envelope ID: A8ADFF3E-1990-8BCD-8365-82546432E327

Case 1:26-cv-00463-MSM-AEM    Document 1-1    Filed 07/15/26    Page 4 of 23 PageID #: 7

4

22. Ultimately, the child was summarily removed and dismissed/expelled from the school.

23. Defendant's stated reasons for dismissal were pretextual, inconsistent, retaliatory, and unsupported by the facts.

24. The dismissal was not based on legitimate educational or disciplinary grounds but instead was motivated in whole or in part by retaliation against the Plaintiffs. As stated above, Defendant's actions were taken in retaliation against Plaintiff Mercure and Plaintiff Doe for requesting reasonable accommodation. Moreover, Defendant used the student's disability as a pretext to remove him from the school, while the actual motivation was animus towards the student's mother, Plaintiff Mercure, arising from a personal matter involving her and the Head of School. The student's expulsion constitutes unlawful discrimination and retaliation, and was undertaken in bad faith and contrary to the school's contractual obligations.

25. Defendant failed to follow its own disciplinary procedures and safeguards as outlined in its handbook and policies.

26. Defendant did not afford Plaintiff Mercure or the child a meaningful opportunity to respond to the allegations that purportedly led to the child's dismissal.

27. Defendant's conduct violated basic principles of fairness, good faith, and RI public policy protecting children and families from retaliatory and discriminatory conduct in the educational setting.

28. As a direct and proximate result of Defendant's actions, the child suffered emotional distress, disruption to education, reputational harm, and loss of educational opportunities.

29. As a direct and proximate result of Defendant's actions, Plaintiff Mercure has incurred emotional distress, loss of consortium, financial losses, including tuition-related damages and costs associated with securing alternative educational placement.

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Docusign Envelope ID: A8ADFF3E-1990-8BCD-8365-82546432E327

Case 1:26-cv-00463-MSM-AEM   Document 1-1   Filed 07/15/26   Page 5 of 23 PageID #: 8

5

30. As background, before being enrolled at the Defendant, on or about April 15, 2025, Defendant's CEO/Head of School's spouse provided Plaintiff Mercure with the Head of School (his spouse's) email in an effort to facilitate communication between the Plaintiff and the Defendant regarding potential enrollment by Plaintiff Mercure's son, Plaintiff L.M. Doe.

31. At the time of the incidents cited in the Complaint, Plaintiff L.M. Doe was 10 years of age.

32. At the encouragement of the Head of School's spouse, Plaintiff Mercure reached out to the Head of School and explained that if her son were to be enrolled at the Wolf School, it would be a slow and difficult process due to various factors and considerations regarding his disability status, impacting his learning and how he acclimates to a school environment. As part of this communication, Plaintiff Mercure was transparent with the Head of School and other representatives of the Wolf School about her son's disabilities, challenges, and she openly shared his most recent evaluations for their review.

33. At all times, Plaintiff Mercure was assured by Defendant's representatives, including the Head of School, that the Wolf School was equipped to handle children who required services like her son.

34. The Wolf School advertises to third parties that it is a school for complex learners with multiple learning differences that uses an approach that provides intensive, individualized support for students who struggle in traditional settings.

35. The Head of School confirmed to the Plaintiff Mercure, in writing, that many of the students at the Wolf School present in the same manner as Mercure's son.

36. The Head of School scheduled a tour for Plaintiff Mercure to visit the school on April 17, 2025.

Case Number: PC-2026-03314
Filed in Providence County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Case 1:26-cv-00463-MSM-AEM    Document 1-1    Filed 07/15/26    Page 6 of 23 PageID #: 9

6

37.     Plaintiff Mercure was convinced and persuaded by the Head of School, that the Wolf School would be an ideal placement for her son.  Based on the school's encouragement, on May 1, 2025, Plaintiff Mercure had a meeting with the school district on behalf of the City of Johnson to advocate for her son attending the Wolf School for the 2025-2026 school year.

38.     On May 16, 2025, Plaintiff had an additional meeting with the district to advocate for her son attending the Wolf School.

39.     On May 29, 2025, under the guidance and direction of the Head of School and the Director of Enrollment, the District of Johnston took steps to facilitate the enrollment of Plaintiff LM Doe at the Wolf School.  The Director of Enrollment attended a meeting with the district regarding this matter.

40.     In June 2025, Plaintiff Mercure met via Zoom with the Director of Enrollment regarding her son's placement.

41.     Shortly thereafter, the Plaintiffs had a tour of the school.  Both Mercure and the child attended this tour.

42.     On June 4, 2025, the child visited the school again and spent time with speech, occupational therapy, and partook in certain evaluations.  There were no behavioral or other issues noted regarding Plaintiff LM Doe or his interaction with staff.  No concerns were raised by the Wolf School, the Head of School, or any other Defendant representative regarding his fit for the program.

43.     On June 6, 2025, after meeting with the Plaintiffs on several occasions; the family visiting the school on several occasions; the school reviewing all relevant academic and medical records regarding the child; the school administering evaluations; the school conferring with the district for approval; and other factors, the school

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Docusign Envelope ID: A8ADEF3E-1990-8BCD-8365-82546432E327

Case 1:26-cv-00463-MSM-AEM    Document 1-1    Filed 07/15/26    Page 7 of 23 PageID #: 10

7

recommended to Plaintiff Mercure that Plaintiff LM Doe enroll for the academic year 2025-26.

44.     On June 9, 2025, the Director of Enrollment requested that Plaintiff Mercure sign a release of information providing the school permission to speak directly to the district regarding the minor child's enrollment.  Plaintiff Mercure obliged.

45.     On June 10, 2025, Plaintiff Mercure received an additional message from the Director of Enrollment indicating that she had met with the Head of School, who suggested that they ask the district to provide speech, OT, and tutoring to the child through Wolf staff over the summer.  Mercure was informed that while the school's enrollment was very full and all new acceptances had been halted, L.M. Doe was on the "we need to fit this child in if the district lets him come" list—indicating that the Defendant was on board with the child's enrollment.

46.     On June 10, 2025, the Director of Enrollment sent another message to the district stating that students need to be enrolled for the fall to take part in the school's summer program.   She stated that because the school has no summer openings, the district should have Plaintiff LM Doe engage in tutoring through the school's staff over the summer before a fall entry, at the district's expense. She also stated that Plaintiff LM Doe had a wonderful visit at the school and is a complex learner, which the Defendant was created to serve. It was the Director of Enrollment's representation that, after meeting LM Doe several times and working with him, he would thrive in the Defendant's environment. She stated that while the school was currently full for the fall, if the district approved enrollment, the school would fit him in.

47.     It was made clear by the school that if the district would approve Plaintiff LM Doe to attend, the Wolf School would enroll him based on its decision that, at the encouragement of school staff (including the Head of School) and after a full review of the record, he was a good fit for the program.

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Docusign Envelope ID: A8ADEE3E-1990-8BCD-8365-82546432E327

Case 1:26-cv-00463-MSM-AEM   Document 1-1   Filed 07/15/26   Page 8 of 23 PageID #: 11

8

48.     On June 12, 2025, Plaintiff Mercure met with the superintendent for the town of Johnston, and he agreed to the placement at Wolf based on the recommendation of the Wolf staff and other factors.

49.     On July 1, 2025, Plaintiff Mercure received an email from the Director of Enrollment stating that LM Doe could attend summer tutoring, occupational therapy, and speech sessions at Wolf over the summer.

50.     On July 9, 2025, LM Doe attended his first summer session at the school.  There were no incidents reported during this session regarding the child's behavior or concerns regarding his appropriateness for the program.

51.     On July 10, 2025, the Head of School demanded that Mercure meet with her in her office on campus.  This meeting was framed by the Head of School as a professional check-in, and Plaintiff Mercure believed in good faith that this meeting was going to be school-related.  The characterization that the meeting was routine was subterfuge in that the Head of School's real purpose in meeting with Plaintiff Mercure was to probe into a highly personal and sensitive matter involving Plaintiff and the Head of School, which was in no way related to the educational mission of the school, or any legitimate administrative concern.  The tone and substance of the meeting reflected a personal grievance rather than a bona fide school-related purpose.  The Head of School was clearly upset with Plaintiff Mercure and peppered her with questions that were intrusive, unwarranted, and completely unrelated to the school setting.  Plaintiff Mercure was subjected to interrogation, hostility, and beratement regarding a personal matter based on information that had only recently come to the Head of School's attention.

52.     At all times relevant hereto, the Head of School served as a senior administrator and authorized representative of the Defendant.  By way of her position, she is charged with the authority to make decisions, recommendations, and take action on behalf of the Defendant.  Accordingly, the acts, omissions, knowledge, statements, and decisions of

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Docusign Envelope ID: A8ADEE3E-1990-8BCD-8365-82546432E327

Case 1:26-cv-00463-MSM-AEM    Document 1-1    Filed 07/15/26    Page 9 of 23 PageID #: 12

9

the Head of School are attributable and imputed to the Defendant. Moreover, the Head of School possessed supervisory authority and substantial control over student enrollment, attendance, disciplinary proceedings, and expulsion decisions, and was empowered to make and implement such decisions on behalf of the Defendant School.

53.     Immediately after the meeting cited above, Mercure noticed that the Defendant's behavior towards both her and her son deteriorated rapidly. Contrary to the staff and Head of School's initial enthusiastic efforts for the child to be admitted to the program, *after the meeting referenced in Paragraph No.51*, staff began appearing uninterested in helping LM Doe facilitate his acclimation to the school environment and commenced a deliberate effort to remove him from the educational program.

54.     Before the meeting referenced in Paragraph No. 51, Plaintiff Mercure was assured that the types of services and accommodation she requested of the school were exactly what the school was prepared and equipped to provide her son, and the school encouraged and facilitated her son's enrollment.

55.     *After* the meeting in Paragraph 51, when Plaintiff Mercure requested accommodations for her son, she was repeatedly and surprisingly met with a "we don't do that here" explanation by staff, which was completely contradictory to its previous representations.

56.     *After* Plaintiff's meeting with the Head of School referenced above, LM Doe was set up to fail by the school, and the school refused to facilitate a legitimate good-faith plan to accommodate his needs despite the school being notified of what those needs were when it encouraged and facilitated his enrollment and partook in the lengthy process of having the child admitted and the placement approved by the district.

57.     The change in attitude of the Defendant towards the Plaintiffs after Mercure's negative interaction with the Head of School was palpable and clearly represented retaliation by the Defendant. Defendant began targeting L.M. Doe, using his disability as

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Docusign Envelope ID: A9ADFE3E-1990-8BCD-836F-82546432E327

Case 1:24-cv-00468-MSM-AEM    Document 1-1    Filed 07/15/26    Page 10 of 23 PageID #: 13

10

a pretext, when the actual motivation was animus towards the student's mother, Plaintiff Mercure.

58.     Plaintiff LM Doe attended a total of 8 tutoring sessions over the summer of 2025.

59.     On August 28, 2025, there was a transition meeting at Plaintiff Mercure's request. At this meeting, Mercure and the District of Johnston agreed that a slow transition to the school year would be best for the minor child and requested this reasonable accommodation.  However, Defendant became adamant that the child commence the school year on a full day/full week schedule and refused this reasonable accommodation request.  Further, the Defendant refused to engage in an interactive process with the Plaintiffs regarding reasonable accommodation and refused to give any alternative solutions.

60.     On September 3, 2025, Plaintiff LM Doe commenced his first day of school.

61.     On September 3, 2025, LM Doe was present at school for *one hour* when Plaintiff Mercure was called by the school to pick him up, which she did immediately.  When she arrived at the school, she found LM Doe in the school gymnasium.  She was later informed by her son that the staff had made him run laps despite his suffering from asthma and previously being informed that this type of directive would cause the child harm and anxiety.

62.     Later that day, Plaintiff Mercure was called by school staff to discuss what Defendant now characterized as the "incident," referenced in Paragraph 61, above.  The school informed Plaintiff Mercure that LM Doe seemed to "get upset", that they did not know why, but that they were going to come up with a plan to get him back to school.

63.     Mercure was provided **no incident report** or other information regarding any events occurring on September 3, 2025, which precipitated the school's call to her to pick

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Docusign Envelope ID: A8ADEE3E-1998-8BCD-836F-82546432E327
Case 1:24-cv-00463-MSM-AEM    Document 1-1    Filed 07/15/26    Page 11 of 23 PageID #: 14

11

up her son.  It is her understanding that no contemporaneous incident report exists, which was confirmed by the school in a later meeting.

64.     Two days later, on September 5, 2025, the school represented to Plaintiff Mercure for the first time that it believed the child's needs may be beyond what the school could provide.   This representation was purportedly based on the *one hour* the child spent at the school on September 3, 2025, for which there was no contemporaneous note or report of any problematic incident.

65.     Plaintiff Mercure suggested several reasonable accommodations (many of which she had previously suggested), including having her son start with shorter school days. The school denied this request.  Mercure then suggested that the child get to know the teachers in the classroom—a practice which the school called "meet and greets." Mercure proposed that these meet-and-greets occur daily, but the school declined, instead scheduling sporadic, short meetings between staff and the child.

66.     The short and sporadic nature of these meet-and-greets undermined the goal of building trust and support between the child and the staff.  The staff implemented no plan during these meetings, and every reasonable suggestion Plaintiff Mercure proposed to facilitate a smooth transition was declined and not reciprocated by the staff, who seemed overall uninterested and uninvested in following through with allowing the child back to school.

67.     At this point, Plaintiff Mercure informed the school that these meet-and-greets appeared too inconsistent, haphazard, and unorganized--- factors that were having an opposite impact on building trust between the child and staff.   Mercure proposed several alternatives, which were categorically denied by the Defendant.

68.     On September 17, 2025, the school stated that it declined to return L.M. Doe to the classroom setting.

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Docusign Envelope ID: A9ADEE3E-1990-8BCD-836F-82546432E327

Case 1:26-cv-00463-MSM-AEM    Document 1-1    Filed 07/15/26    Page 12 of 23 PageID #: 15

12

69.     On September 26, 2025, the parties held a progress meeting.  The notes from this meeting did not indicate that LM Doe attended school and only reflected that he participated in meet and greet sessions--- specifically stating that he was only able to attend two meet and greet sessions.   That information was incorrect.

70.     The school subsequently reported to the district that the minor child attended two days of school.   That information was incorrect.

71.     The above-mentioned progress and attendance reports are verifiably false as the minor child attended school only one day for one hour before being sent home and attended three, not two, meet and greet sessions.

72.     Approximately *five weeks later*, on November 4, 2025, the school formally dismissed LM Doe from its program.

73.     After attending school for one hour on September 3, 2025, LM Doe was never allowed by the Defendant to return to the classroom.

74.     For approximately two months (September 4, 2025, to November 4, 2025), the Defendant made no reasonable or good faith effort to confirm or establish educational services for the child, even though he was an enrolled student in the Defendant's program.  The Defendant's decision to send the child home and later expel the child, rather than address the child's educational needs in good faith, reflects abdication of its legal and educational responsibilities.  Once the school removed the child from the classroom, it was obligated to ensure continuity of education, assess the child's needs, and implement reasonable measures to support the child's access to learning, but the Defendant failed to do so.

75.     The facts indicate that the Defendant sent the child home without providing alternative instruction, support services, or a meaningful plan for reintegration, failing to reasonably consider the child's individual learning needs.  This response treated removal from school as a solution rather than as an emergency measure requiring prompt follow-

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Case 1:26-cv-04603-MSM-AEM   Document 1-1   Filed 07/15/26   Page 13 of 23 PageID #: 16

13

up and intervention.  This inaction demonstrates deliberate indifference to the foreseeable educational harm caused by exclusion from instruction.

76.     The facts indicate that the child was removed from school and ultimately dismissed from the program as a result of a retaliatory motive on behalf of the Defendant and other unlawful and discriminatory considerations.

## COUNT I
### Retaliation in Violation of Rhode Island Public Policy

77.  Plaintiffs reallege and incorporate Paragraphs 1–76.

78.  Rhode Island recognizes a strong public policy against retaliation for engaging in protected activity, including advocacy on behalf of a child's education and well-being.

79.  Plaintiff Mercure engaged in protected activity by raising concerns, advocating for the child in good faith, and requesting reasonable accommodations.

80.  Defendant subjected the child to adverse action by dismissing the child from school and failing to ensure continuity of education, assess the child's needs, and implement reasonable measures to support the child's access to learning.

81.  A causal connection exists between Plaintiff's protected activity and Defendant's adverse action.

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.
Docusign Envelope ID: A8ADEE3E-1990-8BCD-836F-82546432E327

14

82.  Defendant's retaliatory conduct was unlawful and actionable under Rhode Island law.

## COUNT II
### Breach of Contract/Tortious Interference

83.  Plaintiff realleges and incorporates Paragraphs 1–76.

84. Defendant's enrollment agreement, handbook, and written policies constitute a binding contract between the parties.

85. Defendant breached the contract by failing to follow its own procedures, acting arbitrarily, and dismissing the child without legitimate cause, and by engaging in conduct that was discriminatory, harassing, and retaliatory.

86.  The Head of School had knowledge of the contract between the Parties and exercised substantial authority and influence over enrolment, disciplinary, and expulsion decisions.

87. Despite the Head of School's obligation to act in furtherance of the School's legitimate interests, the Head of School permitted personal considerations unrelated to the student's academic performance, conduct, or welfare to influence her treatment of the Plaintiffs.

88. Defendant engaged in a course of conduct directed toward the Plaintiffs that was motivated by personal animus and unrelated to any legitimate school purpose.

89. Upon information and belief, the Defendant advocated for, encouraged, influenced, and/or caused the termination of Plaintiffs' enrollment notwithstanding the absence of legitimate educational grounds warranting such action.

90. The Head of School intentionally used her position of authority within the School to interfere with Plaintiffs' contractual relationship with the School.

91. As a direct and foreseeable result of Defendant's conduct, and the conduct of the Head of School, which is imputed to the School,  Plaintiff lost the benefits of attendance at the School, and the student and the student's family suffered damages.

## COUNT III

### Breach of the Covenant of Good Faith and Fair Dealing

92.  Plaintiff realleges and incorporates Paragraphs 1–76.

93. Every contract under Rhode Island law includes an implied covenant of good faith and fair dealing.

94. Defendant acted in bad faith by using dismissal as a retaliatory and discriminatory measure rather than for bona fide educational reasons.

95. Defendant's conduct deprived Plaintiff and the child of the benefits reasonably expected under the contract.

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Case 1:26-cv-00463-MSM-AEM    Document 1-1    Filed 07/15/26    Page 16 of 23 PageID #: 19

16

## COUNT IV

### Unlawful Discrimination / Arbitrary and Capricious Conduct

96. Plaintiff realleges and incorporates Paragraphs 1–76.

97. Defendant treated LM. Doe differently from similarly situated students based on unlawful and improper considerations and in retaliation.

98. Defendant's actions were arbitrary, capricious, and contrary to Rhode Island public policy governing fair treatment of students.

### COUNT V
### AMERICANS WITH DISABILITIES ACT
### ADA-42 U.S.C. §12181-12189
### Retaliation
### Failure to Accommodate

99. The allegations contained in Paragraphs 1-76 above are incorporated herein by reference in their entirety.

100.    At all times material to the allegations in this Complaint, Plaintiff L.M. Doe was a qualified individual with a disability as defined by 42 USC §12102 in that he has a physical and/or mental impairment that substantially limits one or more major life activities, including learning.

101.    Defendant was aware of the child's disabilities.

102.    Plaintiff Mercure requested reasonable accommodations to allow the child equal access to Defendant's educational program, including but not limited to academic and schedule adjustments, behavioral supports, modified disciplinary policies, and classroom supports.

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Case 1:20-cv-04635-MSM-AEM   Document 1-1   Filed 07/15/26   Page 17 of 23 PageID #: 20

17

103.    The accommodations requested were reasonable, necessary, and would not have fundamentally altered Defendant's program.

104.    Defendant failed and refused to provide the requested accommodations.

105.    Defendant refused to engage in good faith in any meaningful interactive process to explore reasonable modifications.

106.    As a result of Defendant's refusal, the child was denied equal access to education, subjected to adverse treatment, and effectively excluded from full participation in the school program.

107.    Defendant's conduct constitutes discrimination on the basis of disability under the ADA.

## Count VI — Negligent Infliction of Emotional Distress

108.    The allegations contained in Paragraphs 1-76 above are incorporated herein by reference in their entirety.

109.    Defendant owed Plaintiffs a duty of reasonable care under Rhode Island law.

110.    Defendant breached that duty through the acts and omissions described above.

111.    As a direct and foreseeable result, Plaintiffs suffered severe emotional distress, including but not limited to anxiety, fear, humiliation, trauma, and psychological injury.

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Docusign Envelope ID: A8ADFE3E-1998-8BCD-836F-82546432E327

Case 1:24-cv-04765-MSM-AEM    Document 1-1    Filed 07/15/26    Page 18 of 23 PageID #: 21

18

112.    Plaintiffs experienced physical manifestations, including sleep disturbance, headaches, gastrointestinal distress, panic symptoms, and other symptoms.

113.    Defendant's negligence was the proximate cause of Plaintiffs' emotional and physical injuries.

### Count VII— Intentional Infliction of Emotional Distress

114.    The allegations contained in Paragraphs 1-76 above are incorporated herein by reference in their entirety.

115.    Defendant engaged in extreme and outrageous conduct that exceeded all bounds tolerated by a civilized society.

116.    Defendant acted intentionally or with reckless disregard for the likelihood that such conduct would cause Plaintiffs' severe emotional distress.

117.    Defendant's conduct did in fact cause Plaintiffs to suffer severe emotional distress, including psychological trauma and physical manifestations.

118.    Defendants' conduct that was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

### Count VIII — Negligent Retention/Supervision

119.    The allegations contained in Paragraphs 1-76 above are incorporated herein by reference in their entirety.

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Case 1:26-cv-00406-MSM-AEM    Document 1-1    Filed 07/15/26    Page 19 of 23 PageID #: 22

19

120. Defendant employer retained employee(s) despite actual or constructive knowledge of misconduct with respect to Plaintiff Mercure and the minor child.

121. A reasonable employer would have terminated, reassigned, or removed the employee(s).

122. Defendant's failure to act was a proximate cause of Plaintiffs' injuries.

### Count IX — Vicarious Liability / Respondeat Superior

123. The allegations contained in Paragraphs 1-76 above are incorporated herein by reference in their entirety.

124. At all relevant times, Defendant's staff was acting within the course and scope of their employment and/or the Defendant employer placed the employee(s) in a position to commit the misconduct, harassment, and retaliation.

125. Defendant employer is therefore vicariously liable for the tortious acts of its employee(s).

### COUNT X—Rhode Island Civil Rights Act
### R.I. GEN. LAWS § 42-112-1 et seq.

126. Plaintiff L.M. Doe is a minor child with a disability within the meaning of the Rhode Island Civil Rights Act and is entitled to full and equal enjoyment of the rights, privileges, and advantages of educational institutions operating within the State of Rhode Island.

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Docusign Envelope ID: A8ADFE3E-1908-8BCD-836F-82546432E327

Case 1:26-cv-00406-MSM-AEM   Document 1-1   Filed 07/15/26   Page 20 of 23 PageID #: 23

20

127.     Defendant is a private school operating in Rhode Island and is a person and place of public accommodation within the meaning of RICRA.

128.     Plaintiff's disability substantially limits one or more major life activities, and Defendant had actual knowledge of Plaintiff's disability and the need for reasonable accommodations to ensure equal access to the school's educational programs.

129.     Plaintiff and Plaintiff's parent(s)/guardian(s) requested reasonable accommodations for the child's disability. These accommodations were reasonable, necessary, and would not have imposed an undue burden on the school.

130.     Defendant refused to engage in any meaningful interactive process, failed to consider or implement reasonable accommodations, and instead treated Plaintiff differently from non-disabled students.

131.     Shortly after Plaintiff and Plaintiff's family requested accommodations, Defendant began to subject Plaintiff to heightened scrutiny, disparate treatment, and disciplinary actions, including expulsion not imposed on similarly situated non-disabled students.

132.     Defendant ultimately expelled Plaintiff L.M. Doe from the school because of Plaintiff's disability, *inter alia,* and because Plaintiff Mercure requested reasonable accommodations, in violation of R.I. Gen. Laws § 42-112-1.

133.    Defendant's actions constitute intentional discrimination, disparate treatment, and denial of full and equal access to the benefits of a private educational institution on the basis of disability.

134.    Defendant's conduct was willful, knowing, malicious, and carried out with reckless disregard for Plaintiff's federally and state-protected civil rights.

135.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs suffered educational harm, emotional distress, humiliation, loss of educational opportunities, and other damages.

## DAMAGES

Plaintiff Mercure and the minor child have suffered:

- Emotional distress;
- Loss of educational opportunity;
- Reputational harm;
- Financial losses;
- Incidental and consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment in favor of Plaintiffs;
B. Award compensatory damages;
C. Award punitive damages as may be appropriate;
D. Award consequential and incidental damages;
E. Award attorneys' fees and costs where permitted by law;
F. Grant injunctive or equitable relief as appropriate; and

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Docusign Envelope ID: A9ADEE3E-1908-8BCD-836F-82546432E327

Case 1:26-cv-00463-MSM-AEM    Document 1-1    Filed 07/15/26    Page 22 of 23 PageID
#: 25

22

G. Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

## PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY WITH RESPECT TO ALL ISSUES

## VERIFICATION

I hereby certify that the above is true and complete to the best of my knowledge, information, and belief.

Signed by:

—B33FBBC7AEE840B...
(Michelle Mercure)

Date: 6/19/2026

Respectfully Submitted,
Plaintiff Michelle Mercure
and Plaintiff John Doe,
Alias By their Attorney,

*/s/Stephen T. Fanning*

*/s/ Brie G. Fanning*
Stephen T. Fanning (#3900)
Brie G. Fanning (#6635)
 305 South Main Street
Providence, RI 02903
401-272-8250
stephenfanning@msn.com

Case Number: PC-2026-03314
Filed in Providence/Bristol County Superior Court
Submitted: 6/19/2026 12:59 PM
Envelope: 5722982
Reviewer: Alexandra R.

Docusign Envelope ID: A8ADEE3E-1990-8BCD-836F-82546432E327

23